# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM D. HAMBY, JR. #135146, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:17-cv-01596 |
| | ) | Judge Trauger |
| v. | ) ) | |
| TONY PARKER, *et al.*, | ) ) | |
| Defendants. | ) ) | |

# **M E M O R A N D U M**

William D. Hamby, Jr., an inmate of the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Tony Parker, Gary Hamby, and f/n/u Ridenour, alleging violations of his civil rights. (Docket No. 1). The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.      PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Section 1983 Standard**

The plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the

2

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that Tennessee Department of Correction Commissioner Parker and MCCX Warden Hamby require MCCX inmates who are designated "MAX" mental health custody inmates to be housed in the same unit as inmates who are designated "close" mental health custody inmates. (Docket No. 1 at 2). The plaintiff is designated a "close" mental health inmate and, while incarcerated at MCCX, during a daily, one-hour group activity, he is put in a cage next to "MAX" custody inmate David Deshaun Mays, a known violent sex offender. (*Id.* at 1). According to the complaint, Mays "daily threatens to rape" the plaintiff. (*Id.* at 2).

On December 15, 2017, Mays was not searched prior to being placed in the cage, and he brought a bottle filled with urine and blood and threw the contents of the bottle at the plaintiff, exposing the plaintiff to the bodily fluids. (*Id.*) The plaintiff attempted to report the incident to the police, seek recourse from officials within the prison, and request an "incompatible" with Mays, but defendant Ridenour would not allow the plaintiff to proceed. (*Id.*) Further, Mays was not disciplined for this event because Ridenour "has a hidden 'obligation' to some inmates." (*Id.* at 3, 5). The plaintiff fears that he has been exposed to HIV as a result of the blood to which he was exposed. (*Id.* at 4).

## IV. Analysis

### A. Security classification

The complaint alleges that defendants Parker and Hamby are responsible for the housing arrangement at MCCX, whereby inmates who are designated "MAX" mental health custody inmates

3

are housed in the same unit as inmates who are designated "close" mental health custody inmates. (Docket No. 1 at 2).

It is well settled law that inmates do not have a liberty interest in the procedure affecting their classifications because the resulting restraint does not impose any atypical or significant hardship in relation to the ordinary incidents in prison life. *Sandin v. Connor*, 515 U.S. 472, 482 (1995). In addition, prisoners have no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification. *Watkins v. Curtin*, No. 1:05-cv-267, 2005 WL 1189602, at *2 (W.D. Mich. May 19, 2005) (citing *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano,* 427 U.S. 215, 244 (1976)).

Thus, to the extent that the complaint alleges claims based on the inmate housing and classification system at MCCX, the complaint fails to state federal claims upon which relief can be granted.

**B.    Due process**

Next, the complaint alleges that the defendants violated the plaintiff's due process rights by denying the plaintiff the right to report the December 15, 2017 incident to the police and to file a prison report about the incident.

No portion of the Constitution, including the Fourteenth Amendment, recognizes the inherent right to file a grievance. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *Wynn v. Wolf*, 19 F.3d 1435, at *1 (6th Cir.1994). While the Sixth Circuit has recognized that the filing of a grievance is protected conduct under the First Amendment for which a prisoner may not be subjected to retaliation, the plaintiff does not couch his grievance claim as retaliatory under the First Amendment. Nor does he allege

4

that he was denied access to the court system. Rather, the plaintiff's grievance claim is limited to a due process violation of his right to administrative relief. As such, the court finds that, because no right to file a grievance exists under the Fourteenth Amendment's due process clause, the plaintiff has no constitutional right that would have been violated by the defendants' denial of his grievance.

Further, individuals have no constitutional right to file a police report. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Brittain v. Clemons*, No. 4:09CV-P123-M, 2011 WL 2471587, at *5 (W.D. Ky. 2011)(a plaintiff cannot force a criminal prosecution because private citizens, whether or not they are incarcerated, have no right to compel the state to criminally prosecute another person). Consequently, the court finds that, because no right to file a police report exists under the Constitution, the plaintiff has no constitutional right that would have been violated by the defendants' refusal to permit the plaintiff to file a police report. The plaintiff's due process claims under § 1983 will be dismissed for failure to state claims upon which relief may be granted.

### C. Failure to protect claims

The complaint alleges that the defendants failed to protect, and are failing to protect, the plaintiff from harm by another inmate, David Mays. Specifically, the complaint alleges that the defendants knew of Mays's violent tendencies but failed to search him on December 15, 2017 and that Mays was able to enter his cage beside the plaintiff with a bottle of bodily fluids; he then threw the contents of the bottle at the plaintiff. The complaint also alleges that Mays, a known violent sex offender and gang member, "daily" threatens to rape the plaintiff, but the defendants refuse to consider the plaintiff's requests for an incompatible with Mays and simply allow Mays "to do as [he] please[s]." (Docket No. 1 at 2). The complaint expressly states that these defendants are sued in

5

their individual capacities only. (*Id.* at 5).

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)). Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id.* at 837-38; *Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993).

Here, the complaint generally alleges that Mays poses an objectively serious risk of harm to the plaintiff and that these defendants were subjectively aware of and deliberately disregarded any such risk. In particular, the complaint alleges that the plaintiff told each of these defendants that he feared for his safety, Mays daily threatens to rape the plaintiff, Mays threw his bodily fluids at the plaintiff, and the plaintiff repeatedly has asked for an incompatible with Mays, *i.e.*, to be moved to a unit away from Mays. The complaint also alleges that defendant Ridenour refused to allow the plaintiff to report the bodily fluids incident and to seek recourse within the prison and with local police, and that defendants Parker and Hamby refuse to move the plaintiff away from Mays.

The complaint further alleges that these defendants had reason to believe that Mays posed

6

a serious risk of harm to the plaintiff because the plaintiff told them that Mays daily threatened to rape him and Mays is a known violent sex offender and gang member and, as a result, the plaintiff feared for his safety. The complaint alleges that these defendants were deliberately indifferent to the plaintiff's risk of injury when they initially placed him or kept him in the same unit as Mays. The court finds that the plaintiff has, therefore, stated colorable failure to protect claims against defendants Parker, Hamby, and Ridenour in their individual capacities. These claims shall proceed for further development.

**V.     Conclusion**

As set forth above, the court finds that the complaint states colorable Eighth Amendment failure to protect claims against the defendants in their individual capacities pursuant to § 1983. 28 U.S.C. § 1915A. These claims survive the required PLRA screening. However, the Plaintiff's remaining claims will be dismissed for failure to state a claim upon which relief can be granted.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge