UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM D. HAMBY, JR., <br><br> Plaintiff, <br><br> v. <br><br> TONY PARKER, et al., <br><br> Defendants. | Case No. 3:17-cv-01596 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This civil rights action concerns pro se and *in forma pauperis* Plaintiff William D. Hamby, Jr.'s confinement at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee. Hamby asserts Eighth Amendment claims against Defendants Tennessee Department of Correction Commissioner Tony Parker, MCCX Warden Gary Hamby (G. Hamby), and MCCX Officer Toshia Ridenour, alleging that they failed to protect him from harm by allowing him to be placed in a cage next to a violent sexual offender who threw blood and urine at Hamby and daily threatens to rape him. (Doc. No. 1.) Before filing this action, Hamby had filed more than three others in federal court that were dismissed for failure to state a claim. (Doc. No. 6.) Accordingly, under the Prison Litigation Reform Act's three-strikes rule, 28 U.S.C. § 1915(g), Hamby can procced *in forma pauperis* in this action only if he was under imminent danger of serious physical injury when he filed the complaint. (*Id.*) The Court has already found that Hamby met this standard and granted his application to proceed *in forma pauperis*. (*Id.*)

Despite that order, and without acknowledging it, the defendants have moved to dismiss Hamby's complaint on three-strikes grounds, arguing that the imminent-danger exception does not apply. (Doc. Nos. 23, 30.) Hamby responded in opposition. (Doc. No. 25.) The defendants have not addressed the Court's prior conclusion that the exception applies here, and their motion to dismiss should be denied.

**I.      Background**

      **A.      The Prison Litigation Reform Act (PLRA)**

Under the PLRA, an indigent incarcerated person who proceeds *in forma pauperis* pays a fraction of the filing fee at the outset of the action and the remainder of fee in installments until the full amount is paid. 28 U.S.C. §1915(b). However, in an effort to decrease the number of frivolous lawsuits filed by incarcerated people in federal court, the PLRA places limits on the ability to proceed *in forma pauperis*. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) (explaining that the PLRA "was aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts"); *see also Stewart v. King*, No. 3:09-cv-21, 2010 WL 1628992, at *2 (M.D. Tenn. Apr. 20, 2010) ("Congress passed the PLRA to stem the increasing tide of frivolous lawsuits filed by inmates, which it determined had resulted at least partly from prisoners' easy access to pauper status."). One such limit is the PLRA's three-strikes provision, which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The "'imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading.'" *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). Accordingly, a pro se plaintiff's allegations concerning imminent danger are to be "'liberally construed.'" *Id.* The plaintiff must allege facts "'from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [the plaintiff] was under an existing danger at the time he [or she] filed [the] complaint.'" *Id.* (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). Allegations regarding a danger that predates the filing of the complaint are insufficient, as are allegations of imminent danger that "are conclusory[,]" "ridiculous," "clearly baseless[,]" "delusional[,]" "irrational[,]" "or wholly incredible[.]" *Id.* (citation omitted).

### B. Factual and Procedural History

Hamby filed this action on December 21, 2017, alleging that, every day at MCCX, he is placed in a cage next to a known violent sex offender and gang member named David Mays who threatens to rape Hamby and who, on December 15, 2017, emptied a bottle full of urine and blood onto Hamby. (Doc. No. 1.) Hamby fears that he will contract HIV as a result of exposure to the blood. (*Id.*) Hamby alleges that Parker, G. Hamby, and Ridenour continue to ignore Hamby's requests for protection, allowing Mays to do as he pleases. (*Id.*) Hamby's complaint asserts claims against the defendants under 42 U.S.C. § 1983 for violations of the Eighth Amendment and the Due Process Clause. (*Id.*) Hamby seeks a transfer to another prison, or, alternatively, $1,000,000.00 in damages. (*Id.*)

In separate orders, the Court granted Hamby's application for leave to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915A and 1915(e)(2). The Court noted that, before filing this action, Hamby had filed four others in federal court that were ultimately

3

dismissed for failure to state a claim and that Hamby could only proceed *in forma pauperis* here if the allegations of his complaint show that he faced imminent danger at the time it was filed. (Doc. No. 6.) After a thorough discussion of the relevant law, the Court concluded as follows:

> With these principles in mind, the court finds that the complaint alleges a presently existing, continuing imminent danger to the plaintiff's well-being. The plaintiff alleges that a known violent sex offender is housed at least once a day next to the plaintiff, is "daily" threatening to rape the plaintiff, and has thrown his blood and urine on the plaintiff on at least one specific date. The plaintiff further alleges, as an ongoing matter, that the defendants are unwilling to protect the plaintiff from this threatened harm. The plaintiff's allegations are not necessarily delusional or irrational, and the court must, for now, accept them as true. Considered alongside the possibility that the plaintiff may have been and may be again exposed to blood contact with this inmate, the court finds that the plaintiff has alleged imminent danger of serious physical injury. In addition, the plaintiff specifically requests prospective injunctive relief to prevent the alleged rape threat from coming to fruition. Accordingly, the court will grant the plaintiff permission to proceed *in forma pauperis.*

(*Id.* at PageID# 23.) The Court later found that Hamby had stated colorable Eighth Amendment failure-to-protect claims against the defendants in their individual capacities and allowed only those claims to proceed. (Doc. No. 8.)

Ridenour has filed a motion to dismiss under 28 U.S.C. § 1915(g), arguing that Hamby is subject to the three-strikes rule, does not qualify for the imminent-danger exception, and must "pay the full filing fee . . . or face dismissal of this case." (Doc. No. 24, PageID# 88.) Absent from Ridenour's motion is any mention of the Court's finding that the imminent-danger exception applies. Hamby responded in opposition, arguing that the defendants continue to allow him to be housed next to Mays and therefore "the imminent danger . . . continues[.]" (Doc. No. 25, PageID# 91.) After being served, Parker and G. Hamby filed a notice of their intent to adopt Ridenour's motion to dismiss. (Doc. No. 30.)

## II. Analysis

The defendants offer the Court no reason to depart from its finding that Hamby should be allowed to proceed *in forma pauperis* under the imminent-danger exception. The defendants reduce Hamby's complaint to the allegation that he is "'unable to live in safety due to the . . . recent assault upon [him] by [Mays], via a toxic substance'" and argue that is a past danger that did not persist at the time Hamby filed this action. (Doc. No. 24, PageID# 88 (quoting Doc. No. 1, PageID# 2–3).) But as the Court has already explained, Hamby's allegations regarding imminent danger are to be liberally construed (Doc. No. 6), and the defendants fail to mention Hamby's assertion that, on a daily basis, he is placed in a cage next to Mays, who threatens to rape him. The Court found that the daily rape threats, when paired with "the possibility that the plaintiff may have been and may be again exposed to blood contact with [Mays]," are enough to establish that Hamby faced a threat of imminent danger at the time he filed the complaint. (*Id.* at PageID# 23.) In the absence of any argument from the defendants explaining why the Court's prior reasoning is flawed, their motion to revoke Hamby's pauper status and dismiss his complaint must fail. *Cf. Liner v. Fischer*, No. 11 Civ. 6711, 2014 WL 5438037, at *2 (S.D.N.Y. Oct. 27, 2014) (revoking plaintiff's pauper status after defendants "submitted credible evidence, in the form of sworn affidavits and medical records, that [plaintiff] was never in imminent danger").

## III. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the defendants' motion to dismiss (Doc. No. 23) be DENIED.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party

who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 23rd day of October, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge