UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM D. HAMBY, JR., <br><br> Plaintiff, <br><br> v. <br><br> TONY PARKER, et al., <br><br> Defendants. | Case No. 3:17-cv-01596 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

This civil rights action concerns pro se and *in forma pauperis* Plaintiff William D. Hamby, Jr.'s confinement at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee. (Doc. No. 1.) Hamby asserts Eighth Amendment claims against Defendants Tennessee Department of Correction Commissioner Tony Parker, MCCX Warden Gary Hamby (G. Hamby), and MCCX Officer Toshia Ridenour, alleging that they failed to protect him from harm by allowing him to be placed in a cage next to a violent sexual offender who threw blood and urine at Hamby and daily threatens to rape him. (*Id.*; Doc. Nos. 6, 8.) Now before the Court are multiple motions filed by Hamby: two motions to amend the complaint to add defendants (Doc. Nos. 33, 58); two motions to subpoena witnesses (Doc. Nos. 49, 52); several motions and other filings in which Hamby seeks injunctive relief due to alleged retaliation against him at MCCX (Doc. Nos. 31, 34, 36, 37, 39, 51); and a motion to appoint counsel (Doc. No. 50). For the reasons that follow, those motions will be denied.

**I.    Background**

Hamby filed this action on December 21, 2017, alleging that, every day at MCCX, he is placed in a cage next to a known violent sex offender and gang member named David Mays who

threatens to rape Hamby and who, on December 15, 2017, emptied a bottle full of urine and blood onto Hamby. (Doc. No. 1.) Hamby fears that he will contract HIV as a result of exposure to the blood. (*Id.*) Hamby alleges that Parker, G. Hamby, and Ridenour continue to ignore Hamby's requests for protection, allowing Mays to do as he pleases. (*Id.*) Hamby's complaint asserts claims against the defendants under 42 U.S.C. § 1983 for violations of the Eighth Amendment and the Due Process Clause. (*Id.*) Hamby seeks a transfer to another prison, or, alternatively, $1,000,000.00 in damages. (*Id.*) In separate orders, the Court granted Hamby's application for leave to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that Hamby had stated colorable Eighth Amendment failure-to-protect claims against the defendants in their individual capacities and allowing only those claims to proceed. (Doc. Nos. 6, 8.) The defendants have answered the complaint. (Doc. No. 41.)

## II. Analysis

### A. Motions to Amend

In his first motion to amend, Hamby seeks to substitute "I.A. Gardner" for Defendant Ridenour, alleging that Gardner is Ridenour's "underling" who "allows corrupt acts to flourish . . . ."[1] (Doc. No. 33, PageID# 124.) The defendants filed a response in opposition, stating that, while they do not object to Ridenour being dismissed from the case, they object to the addition of Gardner because Hamby has unduly delayed asserting claims against him and, regardless, any such claims would be futile. (Doc. No. 35.)

In his second motion to amend, Hamby seeks to supplement his complaint with the allegation that the inmate who assaulted him has tested positive for HIV and further amend the

---

[1] Hamby also states that he seeks to retract his previously filed motion to voluntarily dismiss this case (Doc. No. 33), but there is no such motion in the record.

2

complaint by adding various defendants who, in addition to Parker, run the unit where Hamby was assaulted. (Doc. No. 58.) Hamby alleges that these prospective defendants allowed the assault to take place, covered it up, and have retaliated against Hamby by continuing to house him in the same pod and prison as his assailant. (*Id.*) The defendants have not responded to this motion.

Neither of Hamby's motions to amend is procedurally proper. Local Rule 15.01(a)(1) provides that a motion to amend the complaint must "[d]escribe the reasons supporting the proposed amendments and the substance of the amendments sought . . . ." M.D. Tenn. R. 15.01(a)(1) (supporting papers). Further, the motion must "include as an appended exhibit [a] signed proposed amended [complaint,]" *id.*, that "restate[s] the entirety of the [complaint] with amendments incorporated, rather than merely reciting the amended sections" M.D. Tenn. R. 15.01(b) (form of amended pleading). Because neither of Hamby's motions is accompanied by the required proposed amended complaint, they will be denied without prejudice to refiling in compliance with this Court's Local Rules. Hamby is reminded that, under the scheduling order in this action, the deadline to amend the pleadings is April 7, 2020. (Doc. No. 42.)

**B.     Alleged Retaliation**

In several filings not docketed as motions, Hamby alleges that he is being retaliated against for filing this action and others and seeks the involvement of law enforcement. On October 15, 2019, Hamby filed a letter alleging that MCCX Cpl. Billy Nichols had retaliated against Hamby by hiring a gang member to put glass in Hamby's food. (Doc. No. 31.) Hamby reported the incident to internal affairs, which refused to investigate. (*Id.*) Hamby asks the Court to "notify the prosecutor." (*Id.* at PageID# 112.) Two weeks later, Hamby filed a motion to notify the Court of retaliation, alleging that Ridenour refused to investigate an alleged assault of Hamby and that G. Hamby and someone named Kevin Peddicord had allowed another inmate to threaten Hamby

3

repeatedly. (Doc. No. 34.) Hamby asks the Court "to charge defendants" with retaliation under unspecified federal criminal statutes. (*Id.*) On November 18, 2019, Hamby filed a letter addressed to Chief Judge Crenshaw and Judge Trauger concerning this case and several others that Hamby has filed in federal court, alleging that several MCCX employees not named in this action had retaliated against him by allowing another inmate into his pod. (Doc. No. 36.) Hamby states that he wants "to press charges" against the inmates who have attacked him and "press retaliation charges" against the MCCX employees who have allowed the attacks to take place. (*Id.* at PageID# 133–34.)

Hamby's efforts to enlist the Court in prosecuting alleged criminal activity are not proper. As the Court explained in screening Hamby's complaint, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (Doc. No. 8, PageID# 35 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).) Accordingly, Hamby's requests that the Court notify a prosecutor of his allegations or otherwise charge the defendants and other individuals with criminal misconduct must be denied.

Hamby has requested other forms of injunctive relief that the Court is also unable to grant. In his motion for a temporary restraining order/protective order, Hamby requests "a 2,000 ft. T.R.O. against . . . all staff at MCCX due to them following orders of th[ei]r boss (defendants) Parker[ ] and Parris[ ] and staff constantly intimidating [Hamby] due to [his] lawsuits . . . ." (Doc. No. 37, PageID# 135.) Alternatively, Hamby seeks a transfer to another prison based on the same conduct. (Doc. No. 37.) In his motion for a cease and desist order, Hamby asks for an order enjoining the defendants "and their cohorts at MCCX prison" from retaliating against Hamby in various ways, including ignoring his transfer requests and denying him access to the phone for legal and family calls. (Doc. No. 39, PageID# 139.) Hamby's requests for relief are unrelated to

his underlying claims and extend to individuals who are not defendants in this action. Injunctive relief is inappropriate when it concerns "a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Hamby's only claims in this action concern Parker's, G. Hamby's, and Ridenour's failure to protect Hamby from being assaulted by another inmate on December 15, 2017; Hamby's allegations that these defendants and other MCCX employees are retaliating against him lie "wholly outside" the current issues in the suit and therefore cannot support the injunctive relief he seeks. *Id.*; *see also Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 594 (3d Cir. 2014) (affirming denial of relief pertaining to alleged retaliation because "[t]he alleged ongoing retaliation against [plaintiff] is an issue wholly outside whether the defendants violated the Eighth Amendment's conditions of confinement guarantees by placing tape on [plaintiff's] cell door for one or two days in June 2011"); *Atakpu v. Lawson*, No. 1:05-CV-00524, 2006 WL 3803193, at *1 (S.D. Ohio Nov. 28, 2006) (denying request for injunctive relief from alleged retaliation where plaintiff's "claims of retaliation and harassment . . . [were] separate from the medical claims raised in Plaintiff's Complaint").

Finally, Hamby filed a second motion to notify the Court of ongoing retaliation in which he states that Parker, Ridenour, and others are refusing to transfer him to another prison. (Doc. No. 51.) That motion will also be denied. As just explained, there are currently no retaliation claims in this action. The Court can only process Hamby's claims of retaliation if he files a new lawsuit based on those allegations or if he files a proper motion to amend his complaint to add such claims.

### C. Motions to Subpoena Witnesses

In his first motion to subpoena a witness, Hamby asks the Court to authorize a subpoena for inmate Patrick Dixon, who "was a direct witness" to the December 15, 2017 assault at issue in this action. (Doc. No. 49, PageID# 170.) Hamby wants Dixon to be "a witness for [him] at trial in

this case." (*Id.*) Similarly, Hamby's second motion for a subpoena seeks authorization of a subpoena for various other people who have witnessed the "assaultive behavior" of the prisoner who attacked Hamby. (Doc. No. 52, PageID# 177.) Should this matter proceed to trial, Hamby may subpoena witnesses, if necessary, under Federal Rule of Civil Procedure 45. His motions to subpoena witnesses are premature at this stage of the case. Accordingly, those motions will be denied without prejudice.

      **D.**      **Motion to Appoint Counsel**

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right." (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 922 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine whether exceptional circumstances exist, "a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

Despite Hamby's allegation that he is "a documented mentally ill inmate[ ] whose mind is further afflicted by isolation for over a year . . ." (Doc. No. 50), he has shown through his filings that he is able to communicate his position to the Court and to comply with its orders (Doc. Nos. 1, 5, 7, 14, 15, 25, 30, 31, 33, 34, 36, 37, 39, 43, 44, 49–52, 58). Further, this action is relatively

straightforward, involving failure-to-protect claims against three individual defendants. Therefore, the exceptional circumstances that would justify appointment of counsel do not exist at this time. Hamby may renew his request for appointment of counsel if further developments in the case (for example, proceeding to trial after summary judgment) warrant doing so. Hamby's motion to appoint counsel will be denied.

### III. Conclusion

For the foregoing reasons, Hamby's motions to amend the complaint to add defendants (Doc. Nos. 33, 58) are DENIED WITHOUT PREJUDICE; Hamby's motions to subpoena witnesses (Doc. Nos. 49, 52) are DENIED WITHOUT PREJUDICE; Hamby's filings and other motions concerning alleged retaliation (Doc. Nos. 31, 34, 36, 37, 39, 51) are DENIED; and Hamby's motion to appoint counsel (Doc. No. 50) is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge